**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10555 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-00611-DCB |
| v. | |
| ADAN ROBERTO ESTRADA-COPIDO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted July 17, 2012[**]

Before:     SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Adan Roberto Estrada-Copido appeals from the 57-month sentence imposed

following his guilty-plea conviction for reentry after deportation, in violation of 8

U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Estrada-Copido contends that the district court erred in applying U.S.S.G.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 4A1.1(d), which requires the court to add two criminal history points if the defendant committed the instant offense while on parole. He argues that the points should not have been added because, in light of his deportation, there was no potential for supervision during his parole period. This argument is unpersuasive. *See* U.S.S.G. § 4A1.1 cmt. n.4 ("[A]ctive supervision is not required for this subsection to apply.").

Estrada-Copido also contends that the district court erred in adding two points to his criminal history score based on his parole status because his parole status was not proven by certified court documents. The presentence report, however, stated that Estrada-Copido was on parole at the time of his illegal reentry, a fact that Estrada-Copido did not contest. The district court did not err in relying on the presentence report. *See United States v. Romero-Rendon*, 220 F.3d 1159, 1163 (9th Cir. 2000).

To the extent that Estrada-Copido challenges his sentence as being substantively unreasonable, the sentence at the bottom of the advisory Sentencing Guidelines range is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

**AFFIRMED.**